# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 95-CT-01188-SCT

*MADHAVAN A. PISHARODI, M.D.*

*v.*

*GOLDEN TRIANGLE REGIONAL MEDICAL CENTER; RADIOLOGY CLINIC OF COLUMBUS; WILLIAM R. FORD, M.D.; B. L. SULLIVAN, M.D.; C. B. DAHLKE, M.D.; J. M. GRIFFITH, M.D. AND M. L. S. GAINES, M.D.*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/02/95 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SHANE F. LANGSTON |
| ATTORNEYS FOR APPELLEES: | AUBREY E. NICHOLS |
| | J. GORDON FLOWERS |
| NATURE OF THE CASE: | CIVIL - TORTS (OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE) |
| DISPOSITION: | REVERSED, VACATED AND REMANDED 04/08/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/29/99 |

## EN BANC.

## WALLER, JUSTICE, FOR THE COURT:

¶1. This matter which comes before the Court, sitting en banc, on the petition for writ of certiorari concerns change of venue and the applicability of the doctrine of forum non-conveniens as between state residents. On April 1, 1993, the Hinds County Circuit Court granted the Defendants/Appellees' motion to transfer this case to Lowndes County under the doctrine of intrastate forum non-conveniens. The Lowndes County Circuit Court ultimately granted summary judgment in favor of all defendants. In a 5-4 decision, the Court of Appeals affirmed the judgment of the trial court.

¶2. Following our recent decision in *Clark v. Luvel*, No. 96-IA-01284-SCT, 1998 WL 943650 (Miss. December 16, 1998), we hold the doctrine of forum non conveniens is inapplicable as between state

residents. The Hinds County Circuit Court erred in relying on this doctrine to transfer this case to Lowndes County. We do not reach the question of whether summary judgment was proper.

## STATEMENT OF THE CASE AND FACTS

¶3. On August 30, 1990, Dr. Madhavan A. Pisharodi,[1] filed a complaint in the Circuit Court of the First Judicial District of Hinds County against the Golden Triangle Regional Medical Center, a community hospital facility located in Lowndes County, the Radiology Clinic of Columbus, the individual doctors who were partners in the Clinic, and who were residents of Lowndes County, and Dr. Robert R. Smith, a resident of the First Judicial District of Hinds County. The thrust of Pisharodi's complaint was that the defendants maliciously interfered with his business in Lowndes County; that the defendants set about to maliciously damage his professional reputation in the Lowndes County area for the purpose of preventing or discouraging potential patients from using his services; and that Golden Triangle and the Radiology Clinic had formed a trust or combined to monopolize or restrain trade in certain fields of medicine in the Lowndes County area in violation of this state's antitrust laws.

¶4. As part of its answer, the Radiology Clinic filed a motion to change venue of the case to Lowndes County. Smith, the only defendant from outside the Lowndes County area, filed a pleading waiving any right he had to insist on the case remaining in Hinds County and consented to the proposed venue change. The Circuit Court of Hinds County entered an order transferring the case to the Circuit Court of Lowndes County on grounds of forum non-conveniens. The Lowndes County Circuit Court ultimately granted summary judgment in favor of all defendants, and Pisharodi perfected this appeal as to all defendants except Smith.

¶5. The Court of Appeals affirmed the judgment of the trial court. We granted the petition for writ of certiorari.

## DISCUSSION

¶6. Our recent decision in *Clark v. Luvel* is controlling in this case. In *Clark*, we stated "[g]iving respect to the plaintiff's choice of forum, we hold the doctrine of forum non conveniens to be inapplicable when the trial court is faced with a choice of venue between two Mississippi counties." *Clark* at ¶29, *10.

¶7. Section 11-11-3 of the Mississippi Code provides, "[c]ivil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or in the county where the cause of action may occur or accrue and. . . ." Miss. Code Ann. § 11-11-3 (Supp. 1998) . In *Flight Line, Inc.*, we explained the plaintiff has the inherent right to select among all venues in which the action may be brought, and his choice must stand absent credible evidence supporting a change of venue. *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992); *see also*, *Mississippi Power Co. v. Luter*, 336 So. 2d 753, 754 (Miss. 1976). The trial court must give the plaintiff the benefit of reasonable doubt with respect to the venue selection and this Court must do the same on appeal. *Flight Line Inc.*, 608 So. 2d at 1156.

¶8. Section 11-11-51 allows for grounds for change of venue as follows:

> When either party to any civil action in the circuit court shall desire to change the venue, he shall present to the court, or the judge of the district, a petition setting forth under oath that he has good reason to believe, and does believe that, from the undue influence of the adverse party, prejudice

existing in the public mind, or for some other sufficient cause to be stated in the petition, he cannot obtain *a fair and impartial trial in the county where the action is pending*, and that the application is made as soon as convenient after being advised of such undue influence, prejudice, or other cause, and not to delay the trial or to vex or harass the adverse party. . . .

Miss. Code Ann. § 11-11-51 (1972) (emphasis added).

¶9. In the case *sub judice*, the Defendants/Appellees supported their change of venue argument with the fact that medical care in the Lowndes County area would be crippled if they were forced to defend in Hinds County and that they would be required to incur higher costs of obtaining the attendance of unwilling witnesses to testify.

¶10. They have not, however, shown bias under the statute and have failed to prove Pisharodi's choice of venue would have denied them a fair and impartial trial, which the statute requires. While defending in Hinds County may have been more burdensome on them than defending in Lowndes County, the statute clearly provides mere inconvenience is insufficient grounds for a change of venue from an obviously proper forum.

¶11. The Hinds County Circuit Court erred in transferring this case to Lowndes County under the doctrine of intrastate forum non-conveniens. At the time the present action was filed, venue was proper in either Lowndes County or Hinds County. Venue remained proper in Hinds County even though one of the defendants, Smith, upon whom venue was based, was subsequently dismissed from the suit. *See Blackledge v. Scott*, 530 So. 2d 1363, 1364 (Miss. 1988) (explaining that in suits involving multiple defendants, where venue is good as to one defendant, it is good as to all defendants).

¶12. Because venue was proper in Hinds County and the Defendants/Appellees have failed to meet the requirements for transfer in § 11-11-51, we have no choice but to reverse, vacate and remand for proceedings consistent with this opinion.

¶13. **REVERSED, VACATED AND REMANDED.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR. PRATHER, C.J., AND COBB, J., NOT PARTICIPATING.**

1. Prior to filing the lawsuit, Dr. Pisharodi practiced medicine in the Lowndes County area. At the time the complaint was filed, he had relocated to the State of Texas, where he continued to practice medicine.