# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-IA-01183-SCT

*MICHAEL SALTS, ALICE MARIE SALTS AND SALTS FUNERAL HOME, INC.*

*v.*

*GULF NATIONAL LIFE INSURANCE COMPANY d/b/a SELECTED FUNERAL INSURANCE COMPANY; CHIEF EXECUTIVE OFFICER JERRY O'KEEFE, AS PRESIDENT OF GULF NATIONAL LIFE INSURANCE COMPANY, AND INDIVIDUALLY; JAMES C. MAXEY, AS PRESIDENT OF GULF NATIONAL LIFE INSURANCE COMPANY, AND INDIVIDUALLY; PRENTISS FUNERAL DIRECTORS, INC. d/b/a BOONEVILLE FUNERAL HOME; PHILLIP DUNCAN, INDIVIDUALLY, AND AS OWNER OF PRENTISS FUNERAL DIRECTORS, INC. d/b/a BOONEVILLE FUNERAL HOME; STAN HOWELL, AS AN EMPLOYEE OF PRENTISS FUNERAL DIRECTORS, INC. d/b/a BOONEVILLE FUNERAL HOME, AND INDIVIDUALLY; WILLIAM McDONALD, AS AN EMPLOYEE OF PRENTISS FUNERAL DIRECTORS, INC. d/b/a BOONEVILLE FUNERAL HOME, AND INDIVIDUALLY*

09/09/99

| | |
|---|---|
| DATE OF JUDGMENT: | 9/24/97 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | TALMADGE D. LITTLEJOHN |
| ATTORNEYS FOR APPELLEES: | JOSEPH C. LANGSTON |
| | MICHAEL S. ALLRED |
| | WILLIAM W. BUSHING |
| | DENNIS C. SWEET, III. |
| | MARK H. TYSON |
| | LAURA H. TEDDER |
| | CHRISTI R. McCOY |
| | SAM E. SCOTT |
| | MICHAEL A. HEILMAN |
| | MARC A. BIGGERS |

NATURE OF THE CASE:          CIVIL - CONTRACT

DISPOSITION:                 REVERSED AND REMANDED-08/19/1999

MOTION FOR REHEARING FILED:

MANDATE ISSUED:


**BEFORE PITTMAN, P.J., McRAE AND SMITH, JJ.**


**SMITH, JUSTICE, FOR THE COURT:**


¶1. On January 30, 1990, the Appellant-Plaintiffs, Michael Salts, Alice Marie Salts and Salts Funeral Home, Inc., (hereinafter as the "Salts") and the Appellee-Defendants, Gulf National Life Insurance Company (hereinafter as "Gulf National"), et al., entered into an exclusive written agreement. On June 28, 1996, the Salts filed suit in the First Judicial District of Hinds County for breach of contract alleging that Gulf National Life Insurance Company, d/b/a Selected Funeral Insurance Company, on or about November 29, 1994, and December 2, 1994, denied the exclusivity of their agreement and entered into conflicting contracts with others.

¶2. Subsequent pleadings were filed in this case, but on April 16, 1997, the Appellees filed an application for hearing on their Motion for Change of Venue. After hearing oral argument thereon, the trial court, the Honorable L. Breland Hilburn presiding, on August 11, 1997, entered an order granting change of venue to the Circuit Court of Prentiss County.

¶3. On September 25, 1997, the trial court entered an order denying the certification required by this Court for interlocutory appeal under Mississippi Rule of Appellate Procedure (M.R.A.P.) 5(a). The Salts filed their Petition for Certification for Interlocutory Appeal by permission of this Court on October 8, 1997. On April 8, 1998, this Court entered its order granting the Petition for Interlocutory Appeal.

¶4. Aggrieved, the Salts now raise an interlocutory appeal of the following issue:


**I. DID THE TRIAL COURT ERR IN GRANTING A CHANGE OF VENUE TRANSFERRING THIS CAUSE FROM THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI TO THE CIRCUIT COURT OF PRENTISS COUNTY, MISSISSIPPI?**

Having considered this very issue in ***Clark v. Luvel Dairy Products, Inc.***, 731 So. 2d 1098 (Miss. 1998) we find that this case should be reversed and remanded.

## STANDARD OF REVIEW

¶5. "An application for a change of venue is addressed to the discretion of the trial judge, and his ruling thereon will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case." ***Beech v. Leaf River Forest Prods., Inc.***, 691 So.2d 446, 448 (Miss.1997) (*quoting **Mississippi State Highway Comm'n v. Rogers***, 240 Miss. 529, 539-40, 128 So.2d 353, 358 (1961)). Accord, ***Estate of Jones v. Quinn***, 716 So.2d 624, 626 (Miss. 1998).

## LEGAL ANALYSIS

### I. DID THE TRIAL COURT ERR IN GRANTING A CHANGE OF VENUE TRANSFERRING THIS CAUSE FROM THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI TO THE CIRCUIT COURT OF PRENTISS COUNTY, MISSISSIPPI?

¶6. The Salts argue that the trial court abused its discretion in transferring venue to the Circuit of Prentiss County. The Salts offer this Court recent decisions involving venue and our venue statute (Miss. Code Ann. § 11-11-3 (Supp. 1999)) which hold that the plaintiff has an inherent right to select among all venues in which the action may be brought. *See **Flight Line, Inc. v. Tanksley***, 608 So.2d 1149 (Miss. 1992). The Salts contend that because they have an inherent right to select among all venues available and the Circuit Court of Hinds County was a proper venue, the trial court erred in transferring venue.

¶7. Mississippi Rule of Civil Procedure (M.R.C.P.) 82(b) expressly provides "(e)xcept as provided by the rule, venue of all actions shall be as provided by statute." Venue is therefore a function of statute. *See **Pisharodi v. Golden Triangle Reg'l Med. Ctr.***, 1999 WL 191847 (Miss. Apr. 8, 1999). The relevant venue statute is Miss. Code Ann. § 11-11-3 (1972), which provides in pertinent part:

> Civil actions of which the circuit court has original jurisdiction shall be
> commenced in the county in which the defendant or any of them may be found or
> in the county where the cause of action may occur or accrue and, if the defendant
> is a domestic corporation, in the county in which said corporation is domiciled or

in the county where the cause of action may occur or accrue, . . . .

Under Section 11-11-3, the Salts chose to bring their suit in the Circuit Court of Hinds County. Venue was proper in Hinds County because Gulf National and Selected Funeral Insurance Company are domestic corporations domiciled in Hinds County, Mississippi, and may be served with process at their Hinds County addresses.

¶8. Finally, the Salts argue that since venue in Hinds County is good as to Gulf National, it is good to all the defendants. ***Blackledge v. Scott***, 530 So.2d 1363 (Miss. 1988). The Salts are correct, because in ***Blackledge***, this Court held as follows:

> **In suits involving multiple defendants, where venue is good as to one defendant, it is good as to all defendants**. This is true where the defendant upon whom venue is based is subsequently dismissed from the suit. In such situations, venue as to the remaining defendants continues despite the fact that venue would have been improper, if the original action had named them only. ***Jefferson v. Magee***, 205 So.2d 281 (Miss.1967).

***Id.*** at 1365 (emphasis added); *accord **Pisharodi**, 1999 WL 191847 at \*2*.

¶9. Gulf National does not deny that venue was technically proper in Hinds County. However, it argues that under Miss. Code Ann. § 11-11-51 (1972), the change of venue should be affirmed. Section 11-11-51 allows for grounds for change of venue as follows:

> When either party to any civil action in the circuit court shall desire to change the venue, he shall present to the court, or the judge of the district, a petition setting forth under oath that he has good reason to believe, and does believe that, from the undue influence of the adverse party, prejudice existing in the public mind, or for some other sufficient cause to be stated in the petition, he cannot obtain a fair and impartial trial in the county where the action is pending, and that the application is made as soon as convenient after being advised of such undue influence, prejudice, or other cause, and not to delay the trial or to vex or harass the adverse party....

Miss. Code Ann. § 11-11-51 (1972). Gulf National argues that the Salts's selection of forum created a lack of fairness resulting from unavailable and uncooperative witnesses. It argues that in Miss. Code Ann. § 11-11-51 (1972), the Legislature created a mechanism to prevent such problems by transferring venue where it would prevent an unfair trial.

¶10. In ***Beech v. Leaf River Forest Prods., Inc.***, this Court affirmed a change of venue under Section 11-11-51 where the change was reasonable in light of extensive pretrial publicity and citizen bias against the defendants. ***[Beech v. Leaf River Forest Prods., Inc.](), 691 So.2d 446, 448-50 (Miss. 1997)***. However, in the instant case, there has been little, if any, pretrial publicity and no citizen bias against the defendants in the forum chosen. Therefore, the application of Section 11-11-51 is not supported under the facts of this case.

¶11. Gulf National asks this Court to overrule ***[Clark v. Luvel Dairy Prods., Inc.](), 731 So. 2d 1098 (Miss. 1998)***, where this Court held the doctrine of *forum non conveniens* to be inapplicable when the trial court is faced with a choice of venue between two Mississippi counties. Gulf National contends that the factors considered in a *forum non conveniens* analysis are relevant to a fairness and partiality determination under [Miss. Code Ann. § 11-11-51 (1972)](). Gulf National strenuously urges this Court to reconsider the importance of intrastate *forum non conveniens* in that it alleviates forum-shopping, allows trial judges to effectively and efficiently administer lawsuits, and advances justice and promotes the ideals embodied in the Mississippi Rules of Civil Procedure.

¶12. Gulf National asserts that the unique facts in this case justify transferring venue to Prentiss County. They assert that the Plaintiff-Appellants are all residents of Prentiss County, that every act or omission alleged occurred or accrued in Prentiss County, that almost all of the 200-300 witnesses having relevant knowledge reside in Prentiss County or the surrounding counties, and that the majority of Defendant-Appellees reside in Prentiss County. Based on similar arguments, the trial court transferred venue to the Circuit Court of Prentiss County.

¶13. In ***Clark***, this Court specifically held as follows:

> Our research on the doctrine of forum non conveniens, the common law, and the development of venue conclusively establishes the following:
>
> > 1) The history of the doctrine of forum non conveniens reveals no support for intrastate forum non conveniens.
> >
> > 2) Venue is a function of statute, and reference to common law can only be had where the venue statutes are silent.
> >
> > 3) By enacting a general venue statute which limited venue to the residence of the defendant or the place where the defendant could be found, the legislature effectively repealed the common law with regard **to changing venue for the**

**sake of convenience**.

4) Venue is a matter of convenience, and the legislative directive with regard to convenience in this state is that counties meeting certain criteria will generally be more convenient to the parties.

5) The issue is one of legislative prerogative, and the Court today does not invade that prerogative.

*Clark*, 731 So. 2d at 1107 (emphasis added). Gulf National asks this Court to allow the change of venue for convenience at the trial court's discretion. There are no more compelling a set of facts here than there were in *Clark*. Hence, *Clark* should be followed.

¶14. Moreover, in *Pisharodi*, this Court followed *Clark* and stated as follows:

In the case sub judice, the Defendants/Appellees supported their change of venue argument with the fact that medical care in the Lowndes County area would be crippled if they were forced to defend in Hinds County and that they would be required to incur higher costs of obtaining the attendance of unwilling witnesses to testify.

They have not, however, shown bias under the statute (Section 11-11-51) and have failed to prove Pisharodi's choice of venue would have denied them a fair and impartial trial, which the statute requires. While defending in Hinds County may have been more burdensome on them than defending in Lowndes County, the statute clearly provides mere inconvenience is insufficient grounds for a change of venue from an obviously proper forum.

*Pisharodi*, 1999 WL 191847 at *2. The same is true here. While defending in Hinds County may be more burdensome for Gulf National, mere inconvenience is not a sufficient ground for a change of venue from a proper forum.

## CONCLUSION

¶15. This Court declines the invitation to overrule *Clark v. Luvel Dairy Prods., Inc.*, cited *supra*, and its progeny. The application of intrastate *forum non conveniens* remains invalid where the trial court is faced with a choice of venue between two Mississippi counties as is the case here. Thus, the Circuit Court of Hinds County abused its discretion by improperly transferring venue to the Circuit Court of Prentiss County. Because venue was proper in Hinds County and the Defendants-Appellees have failed to meet the requirements for transfer in Section 11-11-51, we reverse the

order granting a change of venue, and we remand for further proceedings consistent with his opinion.

¶16. **REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, MILLS, WALLER AND COBB, JJ., CONCUR.**