# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00021-SCT

*MICHAEL SALTS, ALICE MARIE SALTS AND SALTS FUNERAL HOME, INC.*

*v.*

*GULF NATIONAL LIFE INSURANCE COMPANY, SELECTED FUNERAL INSURANCE COMPANY, JEREMIAH O'KEEFE, ESTATE OF JAMES C. MAXEY, BOONEVILLE FUNERAL HOME, PHILLIP DUNCAN, STAN HOWELL AND WILLIAM McDONALD*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/1/2000 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | K. DAVID SAWYER |
| | SCOTT WATSON WEATHERLY, JR. |
| ATTORNEYS FOR APPELLEES: | MICHAEL A. HEILMAN |
| | MARC A. BIGGERS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | APPEAL DISMISSED - 08/08/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/29/2002 |

### BEFORE PITTMAN, C.J., COBB AND CARLSON, JJ.

### COBB, JUSTICE, FOR THE COURT:

¶1. On January 30, 1990, Michael Salts, Alice Marie Salts, and Salts Funeral Home, Inc. ("the Salts") and Gulf National Life Insurance Company ("Gulf National") entered into an exclusive written agreement whereby the Salts agreed to sell Gulf National life and burial insurance policies in the Tupelo trade area, particularly in Prentiss County, Mississippi. On June 28, 1996, the Salts filed a complaint in the Hinds County Circuit Court, First Judicial District, alleging that Gulf National, d/b/a Selected Funeral Insurance Company, had denied the exclusivity of their agreement and entered into conflicting contracts with others. Ultimately seven defendants were named and, after two and a half years of discovery disputes and an interlocutory appeal to this Court on the question of venue,[1] the Hinds County Circuit Court granted Gulf National's motion to dismiss on the grounds that the Salts had willfully failed to comply with the court's order to submit to depositions on February 2-3, 2000. Aggrieved by that order, the Salts appealed, asserting as their sole assignment of error that it was an abuse of discretion for the trial court to grant Gulf National's motion to dismiss.

¶2. Because the order of dismissal neither explicitly dismissed all of the defendants in the action, nor was it certified as a final judgment under M.R.C.P. 54(b), the appeal is not properly before the Court and must be dismissed.

## FACTS

¶3. On July 17, 2000, after four years of procedural turmoil punctuated by innumerable examples of failure to communicate, with each side blaming the other, this case came before the Hinds County Circuit Court for hearing on Gulf National's motion to dismiss which alleged that the Salts repeatedly attempted to thwart discovery and failed to comply with court orders. Argument was heard from attorneys representing the Salts, as well as attorneys representing defendants Gulf National, Jeremiah O'Keefe, Booneville Funeral Home, Phillip Duncan and "a couple of more individuals named as defendants."

¶4. On December 4, 2000, the Hinds County Circuit Court entered an order of dismissal on the motion, the text of which is reproduced here verbatim:

> **THIS CAUSE** came on to be heard on Defendant, Gulf National Life Insurance Company's Motion to Dismiss. This Court, having heard and considered the motion, the Memorandum Brief in Support of the motion, the Plaintiff's Response in Opposition to said motion, the Plaintiff's Supplemental Response in Opposition to said motion, the Defendant's Rebuttal in support of said motion, and the arguments of counsel for the parties, and being fully advised is of the opinion that the motion [is] well taken and should be **GRANTED**. The Court finds that the motion should be granted for the reasons and arguments set forth by the Defendant, Gulf National Life Insurance Company in its Motion to Dismiss, the Memorandum Brief in support of the motion, the Rebuttal in support of said motion, and the arguments of counsel at the hearing on July 17, 2000.
>
> **IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Defendant, Gulf National Life Insurance Company's Motion to Dismiss, should be and the same is hereby **GRANTED**.
>
> **SO ORDERED AND ADJUDGED** on this the 1st day of December, 2000.

¶5. Gulf National filed its motion to dismiss on February 11, 2000. On February 28, 2000, defendants Prentiss Funeral Home Directors, Inc., Philip Duncan, William McDonald, and Stan Howell filed their joinder in Gulf National's motion to dismiss. Named defendants not participating in the joinder included Jerry O'Keefe, the CEO of Gulf National, and the Estate of James C. Maxey (the President of Gulf National, who died during the proceedings).

¶6. The appellate record shows no filings by defendants other than Gulf National between February 28, 2000, and December 4, 2000, when the motion to dismiss was granted. As is apparent, the order of dismissal mentioned no other defendants. Nothing in the record before the Court indicates a Rule 54(b) certification of the order of dismissal. And none of the parties raised this omission as an issue on appeal.

## DISCUSSION

¶7. When faced with the same procedural situation in *Gilchrist v. Veach,* 754 So. 2d 1172 (Miss. 2000), this Court, speaking through Presiding Justice Sullivan, clearly and succinctly stated the course of action required of the Court, as follows:

Because this case is not properly before this Court, it must be dismissed for lack of jurisdiction. Though none of the parties have raised the issue of whether the order of the circuit court...is appealable, this Court will address the issue on its own initiative.

*Id.* at 1173 (sua sponte dismissing appeal for lack of Rule 54(b) certification). Rule 54(b) of the Mississippi Rules of Civil Procedure provides as follows:

> **(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties **only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment**. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties **shall not terminate the action as to any of the claims or parties** and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(emphasis added).

¶8. In its order, the trial court mentioned only Gulf National's motion and did not mention any of the other defendants. No Rule 54(b) certificate having been entered by the trial court, the order is purely interlocutory and is not an appealable final judgment. *Owens v. Nasco Int'l, Inc.*, 744 So. 2d 772, 774 (Miss. 1999). Because this case is not properly before the Court, it must be dismissed for lack of jurisdiction.

## CONCLUSION

¶9. For the reasons stated above, this appeal is dismissed, and Gulf National's motion to strike the appellants' brief is dismissed as moot.

¶10. **APPEAL DISMISSED.**

> **PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.**

1. See *Salts v. Gulf Nat'l Life Ins. Co.*, 743 So. 2d 371 (Miss. 1999), in which this Court reversed and remanded the trial court's August 11, 1997, order which changed venue to the Prentiss County Circuit Court.