# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-01287-SCT

*PURDUE PHARMA, L. P., PURDUE
PHARMA INC., THE PURDUE
FREDERICK COMPANY AND WINSTON
T. CAPEL, M.D.*

*v.*

*ESTATE OF JOCELYN HEFFNER,
JENNIFER BURROUGH AND EDWARD
SOFFRA*


| | |
|---|---|
| DATE OF JUDGMENT: | 6/2/2003 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | STEVE J. ALLEN |
| | CHRISTOPHER A. SHAPLEY |
| | ROBERT L. GIBBS |
| | LAWRENCE ELVIN ALLISON, SR. |
| | CHRIS J. WALKER |
| | JOHN LEWIS HINKLE, IV |
| ATTORNEYS FOR APPELLEES: | WILLIAM ROGER SMITH, III |
| | JAMES MICHAEL TERRELL |
| | ROBERT GORDON METHVIN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 10/07/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**EN BANC.**

**COBB, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Three plaintiffs filed suit in the Circuit Court of Holmes County for injuries allegedly sustained after using the prescription drug OxyContin. Jocelyn Heffner was a resident of Holmes County,[1] Jennifer Burrough is a resident of Yazoo County, and Edward Soffra is a resident of Hancock County. They filed suit against non-resident defendants Purdue Pharma[2] and Abbott[3], the makers and marketers of OxyContin. Plaintiffs' claims against Purdue Pharma and Abbott include strict liability in tort (defectively designed, marketed and manufactured, unsafe for intended purpose, and unaccompanied by proper warnings); negligence (negligent design, manufacture, testing, inspecting, packaging, labeling, distributing, marketing and failure to warn); breach of express and implied warranty; fraudulent misrepresentation; negligent misrepresentation; suppression and concealment; and conspiracy. Plaintiffs also named as a defendant Dr. Winston T. Capel, a resident of Madison County, who treated Jennifer Burrough in Hinds County. Malpractice claims against Dr. Capel included negligence or wantonness in his prescribing OxyContin for Burrough, and in his alleged failure to warn her of the addictive nature of the drug. The other two plaintiffs stated in the complaint that each was prescribed OxyContin by an unnamed licensed physician.

¶2.     Purdue Pharma removed the case to federal district court, arguing that Dr. Capel was fraudulently joined. Ruling that a Mississippi state court might find Dr. Capel properly joined, the federal court remanded the case back to circuit court. Back in state court, Purdue Pharma filed a Motion to Sever and/or Transfer Venue, which was denied by the Holmes County Circuit Court. Purdue Pharma petitioned

---

[1] Heffner died after the commencement of the litigation, and her estate was later substituted. The Estate of Heffner will hereafter be referred to as "Heffner."

[2] Purdue Pharma L.P., Purdue Pharma Inc., and The Purdue Frederick Co.

[3] Abbott Laboratories and Abbott Laboratories, Inc.

this Court for interlocutory appeal, which we granted. *See* M.R.A.P. 5. Purdue Pharma's issues have been combined and restated for conciseness:

(1) Whether plaintiffs were improperly joined under M.R.C.P. 20(a) and the trial court erred in not severing and transferring each plaintiff's case to a proper venue.

(2) Whether M.R.C.P. 82(c) unconstitutionally alters a defendant's statutory venue rights.

¶3.     Our recent case of *Janssen Pharmaceutica, Inc. v. Armond*, 866 So.2d 1092 (Miss. 2004), controls the disposition of this case based on improper joinder of parties. Because of this, we do not address issue two. *Armond* was the first in a line of cases similar to the present case in which diverse plaintiffs have brought product liability claims, generally coupled with malpractice and other claims, in a single suit against diverse defendants. In *Armond*, we held that claims against defendants with no connection to the named plaintiff Armond[4] must be severed, and the improperly joined plaintiffs' cases were to be transferred to a venue in which each could have been brought without reliance on M.R.C.P. 82(c).

¶4.     Based on *Armond*, we hold in the present case that plaintiff Heffner's suit may proceed against Purdue Pharma and Abbott in Holmes County. However, plaintiffs Burrough and Soffra are improperly joined with Heffner as to claims against any physician defendants, including Dr. Capel and any yet to be named physicians. Thus, Burrough's and Soffra's claims must be severed and their cases transferred to a venue in which the action could have been independently brought pursuant to M.R.C.P. 82(d).

## DISCUSSION

¶5.     The standard of review regarding joinder and venue is abuse of discretion. ***Ill. Cent. R.R. v. Travis***, 808 So.2d 928, 931 (Miss. 2002). *See also* ***Stubbs v. Miss. Farm Bureau Cas. Ins. Co.***,

---

[4] Colantha Armond was the only plaintiff that was a resident of the county in which the suit was brought.

825 So.2d 8, 12 (Miss. 2002);*Earwood v. Reeves*, 798 So.2d 508, 512 (Miss. 2001); *Salts v. Gulf Nat'l Life Ins. Co.,* 743 So.2d 371, 373 (Miss. 1999); *Estate of Jones v. Quinn,* 716 So.2d 624, 626 (Miss. 1998). "Ultimately, the controlling principle here is that it is the plaintiff's choice to decide where to sue the defendant among the permissible venues." *Forrest County Gen. Hosp. v. Conway*, 700 So.2d 324, 326 (Miss. 1997). *See also* **Clark v Luvel Dairy Prods., Inc.**, 731 So.2d 1098, 1106 (Miss. 1998). A plaintiff's choice of a forum should not be disturbed except for weighty reasons. *Stubbs*, 825 So.2d at 14; *Ill. Cent. R.R. v. Samson,* 799 So.2d 20, 25 (Miss. 2001); *Salts*, 743 So.2d at 373; *Burgess v. Lucky*, 674 So.2d 506, 510 (Miss. 1996).

¶6.     Purdue Pharma argues that the three plaintiffs cannot be permissively joined under Mississippi Rule of Civil Procedure 20 because their claims do not arise from the "same transaction, occurrence or series of transactions or occurrences." M.R.C.P. 20(a). In keeping with our decision in *Armond*, we agree. In *Armond*, we stated:

> In the present case, each plaintiff/doctor combination has its own set of facts and evidence surrounding the prescribing of Propulsid, the transaction or occurrence which is the basis for each claim. Thus, there is no single transaction or occurrence or series of transactions or occurrences connecting all 56 plaintiffs and 42 physician defendants. We reverse the trial court's order, and we remand the case for severance of all claims against defendants who have no connection with Armond. This would include all physicians who have not prescribed Propulsid to Armond. We also instruct the trial court to transfer the severed cases to those jurisdictions in which each plaintiff could have brought his or her claims without reliance on another of the improperly joined plaintiffs.

*Armond*, 866 So.2d at 1102 (¶ 34). We specifically held that Rule 20 does not allow diverse plaintiffs to bring claims against diverse defendants where there is no transaction or occurrence common to them all. Rule 20(a) imposes two specific requisites to the joinder of parties: "(1) a right to relief must be asserted by or against *each* plaintiff or defendant relating to or arising out of the *same* transaction or occurrence;

4

and, (2) some question of law or fact common to all the parties will arise in the action. Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a). . . ." M.R.C.P. 20 cmt. (emphasis added). The mere taking of the *same* prescription drug does not supply plaintiffs with the *same* transaction or occurrence, or *same* series of transactions or occurrences, as required by Rule 20. As noted in **Armond**, the prescribing by a physician of a drug to a patient is a separate and individual transaction or occurrence from the prescribing of the same drug by another doctor to another patient.

¶7.     The analysis in ***Janssen Pharmaceutica, Inc. v. Bailey***, 878 So.2d 31 (Miss. 2004), balances judicial efficiency with fairness to each party. "Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.... The benefits of efficiency can never be purchased at the cost of fairness." ***Armond***, 866 So.2d at 1100 (¶ 29) (quoting ***Malcolm v. Nat'l Gypsum Co.***, 995 F.2d 346, 354 (2d Cir. 1993)). A court must consider the amount of evidence a jury must assimilate and how much of this evidence would be individualized rather than common. If damages for personal injury are requested, then individualized evidence would necessarily have to be presented when proving causation and extent of injury. Depending on the complexity of the case, individualized evidence pertaining to as few as two plaintiffs against a single defendant or a single plaintiff against two defendants may be prejudicial to a party.

¶8.     Plaintiffs argue that the federal district court's determination that Dr. Capel was not fraudulently joined[5] is determinative of proper joinder under M.R.C.P. 20. We disagree. A finding against fraudulent joinder is not the same as a finding for proper joinder. *See* ***Griggs v. State Farm Lloyds***, 181 F.3d

---

[5] We note that a majority of the en banc Fifth Circuit has recently expressed its preference for the term improper joinder, instead of fraudulent joinder. ***Smallwood v. Ill. Cent. R.R.***, 2004 WL 2047314, at *1 n.1 (5th Cir. Sept. 10, 2004)(en banc).

694, 699 (5th Cir. 1999) ("To establish that a non-diverse defendant has been fraudulently joined to defeat diversity jurisdiction, the removing party must prove that there has been outright fraud in plaintiff's pleading of the jurisdictional facts, or that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court");*Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995) ("The burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court") (citations omitted). We note the district court for the Southern District of Mississippi applied our holding in *Armond*, finding that joinder of a physician with the pharmaceutical defendants as to the claims of plaintiffs not treated by the physician is improper. *See* *Jones v. Nastech Pharmaceutical*, 319 F. Supp. 2d 720, 728 (S.D. Miss. 2004) ("The Court finds that Dr. Tanious was egregiously misjoined with the pharmaceutical company as to all Plaintiffs who were not treated by Dr. Tanious. This is in accord with the plain language of [M.R.C.P.] Rule 20.").

¶9.     We also note that district courts have relied on the Comment to M.R.C.P. 20 in saying that M.R.C.P. 20 might allow joinder of the plaintiffs and defendants, where F.R.C.P. 20 would not, because "Mississippi's Rule 20 has been given an extraordinarily broad interpretation that allows 'virtually unlimited joinder at the pleadings stage.'" *Jamison v. Purdue Pharma Co.*, 251 F. Supp. 2d 1315, 1320 (S.D. Miss. 2003) (quoting from M.R.C.P. 20 cmt.). This language was subsequently deleted from the Mississippi Rule 20 Comment in February, 2004, at the same time that *Armond* was decided.

¶10.    We hold that the trial court erred in denying Purdue Pharma's motion to sever and transfer. Claims against Dr. Capel must be severed and plaintiff Burrough's case must be transferred to a venue in which it could have independently been brought. Additionally, any claim by Soffra against any named or

6

unnamed defendant not sharing a common transaction or occurrence with plaintiff Heffner must also be severed and transferred.

## CONCLUSION

¶11.    As in the previous pharmaceutical cases, diverse plaintiffs may not bring a single suit against diverse defendants.  Therefore, we reverse the order denying petitioners' motion to sever and transfer the improperly joined plaintiffs' cases.  Additionally, we remand this case to the circuit court (1) for transfer of Burrough's and Soffra's cases, consistent with M.R.C.P. 82 (d), to a venue in which each could have been independently brought without reliance on M.R.C.P. 82(c) and (2) for further proceedings on Heffner's case.

¶12.    **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER, P.J., CARLSON AND DICKINSON, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, GRAVES AND RANDOLPH, JJ., NOT PARTICIPATING.**