# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-IA-01968-SCT

*BAYER CORPORATION*

*v.*

*MARY REED*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/21/2004 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | HOLMES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CAROLYN ALLEEN McLAIN |
| | GERALD H. JACKS |
| | WILLIAM F. GOODMAN, III |
| | ROBERT L. JOHNSON, III |
| ATTORNEYS FOR APPELLEE: | RICHARD JOSEPH PLEZIA |
| | EDWARD BLACKMON, JR. |
| | PATRICK MALOUF |
| | ROBERT FARLEY WILKINS |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED - 06/29/2006 |

MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This interlocutory appeal arises from the Holmes County Circuit Court's denial of

Bayer Corporation's motion for a change of venue.  Bayer asserts that the circuit court

abused its discretion in denying its motion for change of venue because it would experience

substantial prejudice by way of citizen bias and pretrial publicity if the jury venire was

composed of citizens of Holmes County.  We find that the circuit court was correct in

denying Bayer Corporation's motion for change of venue, but not for the reasons stated in the order. A review of the merits of the motion for change of venue shows that Bayer did not provide sufficient evidence of bias, prejudice or undue influence to support its allegations.

**FACTS**

¶2. Bayer is the maker of the prescription medication Baycol (cerivastatin), which was prescribed by physicians to help lower the lipid levels of people suffering from high cholesterol. Prior to mass production, Baycol was approved by the United States Food and Drug Administration. Its package insert described possible side-effects, chemical interactions and dosage warnings for physicians. Specifically, the package insert warned of the possibility of myopathy[1] when Baycol was used in conjunction with another drug, gemfibrozil, or when the user is started at the highest dosage of .8 mg rather than a gradual step-up from a lower starting value. Despite these warnings, Bayer received reports of a severe type of myopathy referred to as rhabdomyolysis.[2] Thereafter, Bayer voluntarily withdrew Baycol from the market in August 2001.

---

[1]A disease of muscle or muscle tissue.

[2]Rhabdomyolysis is the breakdown of muscle fibers resulting in the release of muscle fiber contents into the circulation. Some of these are toxic to the kidney and frequently result in kidney damage.

¶3.     Mary Reed[3] had a history of health problems including a four-year period, from 1996-2000, in which she was largely incapacitated and bedridden due to pain and fatigue in her hands and arms.  Unrelated to these problems, Reed began taking Baycol in March 2000 and continued taking it for seven months.  Reed gives no reason for the discontinuance of the drug other than "she just ran out of her medicine and . . . didn't have it refilled."  She now attributes pain in her arms, hands and shoulders to myopathy related to her use of Baycol.  However, at the time she used the medication, she did not complain of any Baycol-related injuries to her doctor, John Downer, M. D., or her nurse practitioner.

¶4.     Reed filed suit on September 9, 2002, against Bayer after seeing an attorney advertisement on television soliciting for Baycol users.  It was not until after her lawsuit was filed that her new physician, Calvin Ramsey, M. D., diagnosed her with a Baycol-related injury.

¶5.     After the circuit court denied Bayer's motion for change of venue, Bayer filed a petition seeking permission to file an interlocutory appeal, which petition was granted by this Court.  *See* M.R.A.P. 5.

### DISCUSSION

¶6.     The decision to deny or grant a motion for a change of venue lies within the discretion of the trial court.  ***Beech v. Leaf River Forest Prods., Inc.,*** 691 So. 2d 446, 448 (Miss. 1997).

---

[3]Originally, there were two other plaintiffs, Aubrey Dean and Willie McCurdy.  Their claims were voluntarily severed and transferred to other jurisdictions.  Also Reed initially maintained a claim against SmithKline Beecham Corporation d/b/a GlaxoSmithKline, which was dismissed with prejudice.

We will not overturn that decision unless the trial court abuses its discretion. *Id*. It is the plaintiff's prerogative to decide where, among permissible venues, to sue the defendant. *Forrest County Gen. Hosp. v. Conway*, 700 So. 2d 324, 326 (Miss. 1997). Therefore, absent weighty reasons, a plaintiff's choice of forum should not be disturbed. *Purdue Pharma, L.P. v. Estate of Heffner*, 904 So. 2d 100, 102 (Miss. 2004). That being said, one of the basic tenets in our jurisprudence is "no matter how guilty one may be, no matter how atrocious his crime, nor how certain his doom, when brought to trial anywhere he shall, nevertheless, have the same fair and impartial trial accorded to the most innocent defendant." *King v. Kelly*, 243 Miss. 160, 173, 137 So. 2d 808, 813 (1962) (quoting *Tennison v. State*, 79 Miss. 708, 31 So. 421, 422 (1902)). Although "the decisions on change of venue deal primarily and predominantly with criminal cases, a person is also entitled to a fair and impartial trial in a civil case." *King*, 137 So. 2d at 813.

## I. WHETHER THE CIVIL CHANGE OF VENUE STATUTE REQUIRES AN AFFIDAVIT.

¶7. After Bayer presented evidence of numerous legal advertisements and pre-trial publicity (both in newspapers and on television), allegedly producing a litigious environment in Holmes County, the circuit court denied Bayer's motion for change of venue, stating as follows:

> Next is [Bayer's] motion for change of venue. [The] Court has read the motion, as well as the response, and that motion is denied. [The] Court does not find sufficient evidence – there is no affidavit from any Holmes County resident that

4

says [Bayer] could not receive a fair and impartial trial in Holmes County. That motion is denied.

Even though the circuit court denied the motion on the general basis of insufficient evidence, the circuit court specifically faulted Bayer for failing to present a Holmes County citizen's affidavit.

¶8.     Bayer correctly asserts that the circuit court, by requiring an affidavit from a Holmes County resident, has imposed an additional burden not required under Mississippi law. Miss. Code Ann. § 11-11-51 (Rev. 2004) does not require such an affidavit. When a statute is unambiguous it is inappropriate for a court to add or take anything away from it. ***Wallace v. Raleigh***, 815 So. 2d 1203, 1208 (Miss. 2002). The statute, which has not been amended since 1942, is clear and unambiguous. Our recent decisions regarding change of venue in a civil action do not require such an affidavit. *See **Janssen Pharmaceutica, Inc. v. Bailey***, 878 So. 2d 31, 49 (Miss. 2004); ***Beech v. Leaf River Forest Prods., Inc.***, 691 So. 2d 446, 450 (Miss. 1997) (finding change of venue reasonable because of pretrial publicity and numerous similar claims filed in the same county; but not requiring an affidavit). The circuit court therefore erred when it required Bayer's motion for change of venue to be accompanied by an affidavit from a citizen of the county in which suit is filed stating that a defendant cannot receive a fair trial in that county. However, this error is harmless inasmuch as we affirm the denial of the motion on different grounds.

## II.     CHANGE OF VENUE BASED ON UNDUE INFLUENCE OR PREJUDICE.

5

¶9. Bayer contends that it would be prejudiced in a Holmes County trial because (1) Calvin Ramsey, M. D., "a prominent physician with an active practice [with over 2000 patients] in Holmes County," would be testifying on behalf of the plaintiff; (2) dozens of plaintiffs reside in Holmes County; (3) more than 135 product liability/pharmaceutical tort cases with more than 2200 plaintiffs have been filed in Holmes County in the past six years; (4) significant publicity including attorney advertisements in the county newspaper regarding lawsuits associated with prescription drugs which has permeated Holmes County; and (5) a local hostility toward business.

¶10. Miss. Code Ann. § 11-11-51 (Rev. 2004) provides for a change of venue where a party:

> has good reason to believe, and does believe that, from the undue influence of the adverse party, prejudice existing in the public mind, or for some other sufficient cause to be stated in the petition, he cannot obtain a fair and impartial trial in the county where the action is pending, and that the application is made as soon as convenient after being advised of such undue influence, prejudice, or other cause, and not to delay the trial or to vex or harass the adverse party. . . .

¶11. Bayer's fears of prejudice are merely conclusory allegations at this stage. All of its claims are based on nothing but supposition. Indeed, in **Beech v. Leaf River Forest Products, Inc.**, 691 So. 2d 446, 449 (Miss. 1997), the Court held:

> Since part of the basis of the change of venue motion was the amount of pre-trial publicity, it would have been premature to file such a motion so long before the trial (three months prior to trial) that the effects of the publicity would have been too

6

remote for a determination of resulting prejudice in the community.

Not stated, but implied, this holding is based on the Court's reasoning that the pre-trial publicity on which a motion for change of venue should be based on pre-trial publicity about the case in which the motion for change of venue is filed.

¶12.   Here, Bayer has presented extensive evidence that there was pre-trial publicity regarding prescription medication in general; however, no evidence has been presented to link the publicity specifically with Bayer, Baycol or this particular lawsuit.  Further, there is no evidence presented to indicate to this Court the extent of the effect any pre-trial publicity might have had on the venire.  As far as we can discern,[4] there has been no trial setting in this case.  A determination at this point in the proceedings that no unbiased Holmes County jury could ever be seated would be nothing but speculation; thus, the circuit court was correct in denying the motion for change of venue because it was premature.  The transcript of the hearing on Bayer's motion for change of venue shows that 150 Holmes County citizens had been selected to constitute the venire for a trial in this case.

¶13.   We have described a plaintiff's ability to choose a forum as a "right": "Of right, the plaintiff selects among the permissible venues and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue." *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992) (citing *Miss. Power Co. v. Luter*,

_____

[4]Even though the record shows that a scheduling order had been entered and discovery conducted, the parties did not include that scheduling order in the record.

7

336 So. 2d 753, 754 (Miss. 1976)). *See also* **Re/Max Real Estate Partners, Inc. v. Lindsley**, 840 So. 2d 709, 713 (Miss. 2003). Our general venue statute which was in effect when suit and the motion for change of venue were filed, Miss. Code Ann. § 11-11-3 (Supp. 2001), provided for venue in the county "where a non-resident corporation 'may be found.'" Bayer's principal place of business is Pittsburgh, Pennsylvania. Reed's prescription for Baycol was filled in Holmes County. Venue in Holmes County is therefore proper. We find that the circuit court did not abuse its discretion in denying Bayer's motion for change of venue.

## CONCLUSION

¶14. Because Bayer's motion for change of venue is premature and because Bayer failed to present sufficient evidence to support its motion, we affirm the circuit court's denial of Bayer's motion for change of venue and remand this case to the Circuit Court of Holmes County for further proceedings consistent with this opinion.

¶15. **AFFIRMED AND REMANDED.**

**SMITH, C.J., EASLEY, CARLSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY EASLEY AND GRAVES, JJ. COBB, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY DICKINSON, J.**

**DIAZ, JUSTICE, SPECIALLY CONCURRING:**

¶16. I agree completely with the result reached today by the majority opinion. However, I am compelled to write to address one issue. The majority finds that the Holmes County

Circuit Court required an affidavit from a resident of Holmes County and thus imposed upon Bayer a greater burden than required by law or precedent. Although argued by Bayer, this conclusion is not supported by the record.

¶17. The trial court did indeed refer to the affidavit when initially denying the motion. However, the record reflects that counsel for Bayer was given opportunity to further present his case to the court after the initial denial. Only after that further argument and further deliberation did the trial court again deny the motion for change of venue. Even if the trial court did predicate its initial denial of the motion on the requirement of an affidavit, it went further and reconsidered relevant precedent, such as *Bailey*, and allowed further elaboration on the motion by both parties.

**EASLEY AND GRAVES, JJ., JOIN THIS OPINION.**

**COBB, PRESIDING JUSTICE, DISSENTING:**

¶18. The majority has lost sight of the forest because of the trees. This matter is before us on interlocutory appeal from the denial of Bayer's Petition for Change of Venue, filed pursuant to Miss. Code Ann. Section 11-11-51. The trial court called up the pending motion, heard very brief discussion from counsel for both sides, and then denied the Petition, without any provision for further hearing. For the majority to simply say the decision was premature, begs the question, and does not address the reality of what is before this Court

¶19. If the trial court conducts a proper hearing on the venue issue, prior to proceeding to trial, no harm is done. If the trial court continues to believe, as was clearly indicated from

9

the scant record before us, that the denial was a final ruling and the trial must go forward in Holmes County, then it is possible much harm will result. I would reverse the trial court's order of denial and remand for a proper hearing with evidence adduced by both parties, as required under Miss. Code Ann. Section 11-11-51.

¶20. The majority correctly quotes the *first portion* of Miss. Code Ann. Section 11-11-51. It does not include the remainder of that same section which goes on to state:

> On reasonable notice in writing to the adverse party of the time and place of making the application, if made in vacation, *the court,* if in term time, or the judge in vacation, *shall hear the parties and examine the evidence which either may adduce, and may award a change of venue to some convenient county where an impartial trial may be had, and, if practicable, in which the circuit court may next be held.* If made in vacation, the order shall be indorsed on the petition and directed to the clerk, who shall file the same with the papers in the suit.

(Emphasis added). On August 23, 2004, Bayer filed its petition for change of venue pursuant to the statute, stating, in essence, that it had good reason to believe, and did believe, that prejudice exists in the public mind, such that it could not obtain a fair and impartial trial in Holmes County. Reed received notice, and the trial court set it for hearing, along with some 18 other pending motions from both Reed and Bayer. It was heard on September 21, 2004.

¶21. At that hearing, the change of venue motion was the second motion called. Without hearing argument, or any other discussion, the trial court simply stated that it had "read the motion, as well as the response, and that motion is denied." There is absolutely nothing in the record to indicate, as the majority suggests, that there was anything further to be heard on

10

this issue at a later time. Realizing this, Bayer's attorney asked to "address the court a minute" and went on to describe several facts which formed the basis for the belief that Bayer could not get a fair trial, including that two of the 150 person venire were plaintiffs against Bayer. He then asked the trial court to reconsider its denial of the change of venue. At that point Reed's counsel proposed a solution to that specific ground: namely, just tell those two "that there is no need for them to participate to the point of showing up at the courthouse." After obtaining the names of the two, the trial court announced: "Court has reconsidered and the motion for change of venue is denied." Again, there was no indication that anything further would be heard on that issue, at that time, or at a later date. The order denying change of venue was entered on the same day, and Bayer timely filed its Petition for Interlocutory Appeal with this Court on October 4, 2004.

¶22.    It may well be that, based on proper review of all evidence, a change of venue should be denied. However, viewing the record before us in the light of precedent and applicable statutory provisions, it is clear the decision to grant or deny the motion is squarely the responsibility of the trial court, which was procedurally incorrect and hasty in making its decision. Because the inappropriate procedural standard was applied, I would reverse and remand this case to the trial court.

¶23.    The only sworn documents attached to the motion were part of Reed's deposition and an affidavit from Bayer's counsel, Robert Johnson. The remaining materials consisted of newspaper articles, ads and internet printouts. It is clear from the transcript of the hearing,

11

and a review of the items attached to Bayer's petition, the trial court did not reach the substance of the petition but rather dealt with it summarily and did not comply with the statutory requirements.

¶24. Reading the plain language of the change of venue statute, it is clear the parties are entitled to be heard and their evidence examined. Based on my review of the record that simply did not happen. The trial court decided the issue in haste and without affording counsel for either side the opportunity to present evidence, via testimony or otherwise, sufficient to support their motion or oppose counsel opposite. In fact, Bayer's attorney, in had to interrupt the trial court as the next matter was being called, in order to present further evidence about possibly tainted jurors. Such summary disposition of motions is not in keeping with the statutory requirements.

¶25. When the trial court denied the petition, it provided absolutely no reasoning other than the affidavit requirement, which was an erroneous reason. In my view, if this was merely a temporary decision, the trial court would and should have so indicated. Unfortunately, it appears that such non-substantive orders are becoming the norm, but such short cut in time often results in a short cut leading to injustice. Had the trial court said it denied the petition because it was premature, that would have prevented this interlocutory appeal. I remain unconvinced that the trial court meant anything other than a permanent, it-is-all-over ruling to deny the change of venue.

¶26.    For the purposes of aiding in appellate review, parties must present a complete record and trial courts should provide sufficient reasoning behind their rulings. Boilerplate denials tell nothing of the rationale behind the trial court's decision, and this Court is left with nothing but speculation as to why the trial court ruled the way it did. We urge the trial bench and bar to, at a minimum, provide some insight into the rationale on which the ruling is based.

¶27.    With only the record which is before us, it is impossible to determine, as a matter of law, the proper disposition of Bayer's motion. Bayer provided this Court with no less than 140 attorney advertisements soliciting potential plaintiffs for a wide variety of product liability lawsuits in the *Holmes County Herald* from 2001-2003.[5] Several of the attorney advertisements could mislead the reader.[6] Some contained statements which were inaccurate, according to the record, including several that solicited plaintiffs for Baycol.[7] This number does not include television and radio advertisements soliciting plaintiffs. It also does not include the series of town hall meetings sponsored by attorneys that were held throughout

---

[5]The *Holmes County Herald* is a weekly newspaper which serves Lexington and Holmes County.

[6]A large number of the attorney advertisements were in the form of public health notices or claimed to provide valuable public health information. Further, a great many of them listed a wide variety drugs, symptoms and injuries with no connection between which drugs caused which symptoms or injuries. Some of these attorney advertisements mentioned previous multimillion dollar settlements and implicitly indicated that the same was possible for them.

[7]Several of the attorney advertisements indicated that Baycol was removed from the market by the FDA. However, in actuality Baycol was voluntarily removed from the market by Bayer.

Holmes County where residents were educated as to the side-effects of different prescription medications by local physicians and later recruited as plaintiffs by the sponsoring attorneys. However, none of the pretrial publicity dealt specifically with Reed's case against Bayer.

¶28.    Bayer points out that in the six years prior to the present lawsuit, there were 135 product liability lawsuits filed in Holmes County, with over 2,200 named plaintiffs. As of the 2000 census there were fewer than 22,000 people in Holmes County, only two-thirds of whom were eligible for jury duty. Obviously, given this State's previously liberal joinder rules, not all of the 2,200 plaintiffs were Holmes County residents and even among those who were, it is possible that there were repeat plaintiffs among them. It also goes without saying that all these lawsuits were not filed against Bayer.

¶29.    As a result of pre-trial publicity and specifically attorney advertisements there is incorrect or potentially misleading information regarding a variety of prescription medications in play in Holmes County. However, there is insufficient evidence to draw any conclusions on substantive grounds. The evidence presented by Bayer could lead to the *assumption* that it might not receive a fair trial in Holmes County because of the *general atmosphere* of the venire. However, that is not the standard the courts should employ. Bayer has not provided evidence that the publicity present in the community, whether via newspapers, attorney-propelled gossip or otherwise, *specifically* targeted the present litigation.

14

¶30. It is the movant's burden to present the trial court with sufficient evidence to support the motion. That said, the hearing of such evidence and the reasoning of its ensuing decision is the responsibility of the trial court. In this case neither responsibility has been fulfilled.

¶31. In my view, the trial court erred when it denied the Petition for Change of Venue, without allowing the parties to adduce evidence as required by Section 11-11-51. I would reverse and remand for a proper hearing on the petition.

¶32. For these reasons, I respectfully dissent.

**DICKINSON, J., JOINS THIS OPINION.**