CARLTON, J.,
DISSENTING:
¶ 21.1 respectfully dissent from the majority opinion. A review of the agreement and precedent reflects that the forum-selection clause in this case is mandatory in its language and that it is valid and enforceable. We must also acknowledge that, “[u]nder Mississippi law, a contracting party is under a legal obligation to read a contract before signing it and will be charged with knowing the contract’s contents.” Slater-Moore v. Goeldner, 113 So.3d 521, 529 (¶ 25) (Miss. 2013) (internal quotation marks omitted). In this case, Rigsby bore the burden to show that the forum-selection clause was unenforceable, and she failed to meet her burden. As explained briefly below, I would therefore affirm the circuit court’s, as well as the county court’s, dismissal of Rigsby’s claims.
¶ 22. As stated, a review of the record reflects that Rigsby failed to meet her burden to resist the enforcement of the forum-selection clause in this case. We must acknowledge that forum-selection clauses are “presumptively valid and enforceable.” Id. at 527 (¶ 15).[4] The party resisting the forum-selection clause must bear the burden of proof to show that the enforcement is unreasonable. Id. In Titan Indemnity Co. v. Hood, 895 So.2d 138, 146 *534 (¶ 34) (Miss. 2004), the Mississippi Supreme Court recognized that the United States Supreme Court set forth the factors a resisting party must show to prove that a forum-selection clause is invalid and unenforceable:
1. Its incorporation into the contract was the result of fraud, undue influence!),] or overweening bargaining power;
2. The selected forum is so gravely difficult and inconvenient that the resisting party will[,] for all practical purposes!),] be deprived of its day in court; or
3. The enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision.
Id. (citing M/S Bremen v. Zapata OffShore Co., 407 U.S. 1, 12-13, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).[5]
¶ 23. The forum-selection clause in this case was not hidden in the contract language. There is no evidence that the contract was a result of coercion, undue influence, fraud, overreaching, or any one-on-one solicitation. We find that no evidence of overreaching or fraud exists in this case. The record reflects that Rigsby began searching for solutions to address her high-interest debt. In the process, Rigsby discovered ACCI, and she contacted them. ACCI responded to Rigsby by mailing her an informational letter that included a retainer agreement and a check-draft-authorization form.
¶ 24. A reference to the mere inconvenience of a forum fails to provide sufficient evidence to overcome the presumptive validity and enforceability of a forum-selection clause. See Salts v. Gulf Nat’l Life Ins., 743 So.2d 371, 375 (¶ 14) (Miss. 1999); Pisharodi v. Golden Triangle Reg’l Med. Ctr., 735 So.2d 353, 355 (¶ 10) (Miss. 1999); see also Goodrich v. Adtrav Travel Mgmt., Inc., No. 15-CV-00899 (CRC), 2016 WL 4074082, at *3 (D.D.C. Feb. 1, 2016) (“[E]ven if traveling to Alabama would impose a ‘substantial financial burden’ on [the] plaintiff, that result—though unfortunate—would not be ‘so outrageously unfair as to shock the judicial conscience.’”); Song fi Inc. v. Google Inc., 72 F.Supp.3d 53, 63-64 (D.D.C. 2014) (holding a forum-selection clause was valid and that travel to California from all over the world to litigate disputes was not substantively unconscionable so as to preclude enforcement of the forum-selection clause; such a clause was necessary to manage litigation expenses). In her response to ACCI’s motion to dismiss, Rigsby presented claims of inconvenience regarding the selected forum of South Florida. Rigsby argued that “the selected forum is so gravely difficult and inconvenient that the resisting party will[,] for all practical purposes[,] be deprived of its day in court.” In support of her claim, Rigsby asserted that she “testified at the hearing on January 28, 2015[,] that she receives social security, her husband is blind[,] and she could not afford to travel to Florida to resolve this matter. Rigsby paid the Defendants over $1,000.00. They did nothing for her.” However, the county court found that this assertion failed to meet the burden of proof set forth in Titan Indemnity Co., 895 So.2d at 146 (¶ 34), and granted ACCI’s motion to dismiss, which the circuit court affirmed. Fur *535 thermore, as stated, Rigsby also presented no evidence of overreaching or fraud. Based on the foregoing, Rigsby failed to meet her burden of showing that the forum-selection clause was unenforceable. I would therefore affirm the circuit court’s dismissal of Rigsby’s claims.

. See also Tel-Com Mgmt., Inc. v. Waveland Resort Inns, Inc., 782 So.2d 149, 151-52 (¶ 7) (Miss. 2001); Barnett v. DynCorp Int'l, L.L.C., 831 F.3d 296, 304 (5th Cir. 2016); Weber v. PACT XPP Techs., AG, 811 F.3d 758, 773 (5th Cir. 2016) (“The presumption of enforceability may be overcome, however, by a clear showing that the clause is ‘unreasonable’ under the circumstances.”).

. Our supreme court explained that, "Although Zapata is an admiralty case, its standard has been widely applied to forum[-]selection clauses generally.” Titan Indem. Co., 895 So.2d at 146 (¶ 34).